UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

INTERNATIONAL UNION OF PAINTERS          :          Hon. Joseph H. Rodriguez
AND ALLIED TRADES DISTRICT COUNCIL
711 HEALTH & WELFARE, et al.,            :

          Plaintiffs,                    :          Civil Action No. 13-3505

     v.                                  :

MAZZCO ENTERPRISES, INC.                 :          Opinion

          Defendant.                     :


     This matter comes before the Court on Plaintiffs' motion seeking entry of default

judgment against Defendant Mazzco Enterprises, Inc. ("Defendant") [Dkt. Entry No. 14]

pursuant to Fed. R. Civ. P. 55. The Court has considered Plaintiffs' submissions and notes

that Defendant has not responded to the motion. For the reasons set forth below,

Plaintiffs' motion for default judgment as to liability will be granted. Plaintiffs' request for

damages will be held in abeyance pending a renewed application.

## I. BACKGROUND

     Because Defendant has failed to respond to Plaintiffs' Complaint and Motion, all

facts are taken from Plaintiffs' Complaint [Dkt. Entry No. 1] and the certifications and the

attachments in support of the Motion for Default Judgment [Dkt. Entry No. 14].

Plaintiffs, International Union of Painters and Allied Trades District Council 711 Health

& Welfare, Vacation and finishing Trades Institute Funds, et al. (the "Funds"), filed suit

against Defendant for failure to remit contributions pursuant to the terms of a collective

bargaining agreement ("CBA") to which Defendant is a signatory employer. (Compl. ¶ 12;

1

Poist Aff. Supp. Pls.' Mot. Def. J. ¶ 2)

Pursuant to the CBA, Defendant is required to make timely, monthly contributions to the Funds for each hour worked by each employee. (Compl. ¶ 11; Poist Aff. Supp. Pls.' Mot. Def. J. ¶ 3, Ex. A) The relevant portions of the CBA are attached to Plaintiffs' Affidavit as Exhibit A.

Defendant failed to remit contributions to the Funds for various periods between May 1, 2010 and August 31, 2010. (Poist Aff. Supp. Pls.' Mot. Def. J. ¶ 7) After Plaintiffs' Complaint was filed, service of the Summons and Complaint was made upon Defendant on February 17, 2014, by personally serving Mrs. Mazzco, Defendant's bookkeeper. (Id. at ¶ 4) On April 3, 2014, the Clerk of the Court entered default on the record after Defendant failed to respond to Plaintiffs' pleadings. (Id. at ¶ 5)

Plaintiffs seek to recover (a) the amount of contributions owed by Defendant totaling $12,389.17; (b) accrued interest on the unpaid contributions in the amount of $2,876.52; and (c) liquidated damages under 29 U.S.C. § 1132(g)(2)(C)(ii) of the Employee Retirement Income Security Act of 1947 ("ERISA") totaling $2,876.52. (Id. at ¶ 8, Ex. D) Additionally, under 29 U.S.C. § 1132(g)(2) of ERISA, Plaintiffs seek reasonable attorney's fees and costs totaling $2,561.20 for the period between June 1, 2013 and February 25, 2015. (Id. at ¶¶ 10, 14, Ex. F) Plaintiffs' combined request totals $20,703.41.

## II. JURISDICTION

"Before entering default judgment against a party that has not filed a responsive pleading, 'the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.'" Trs. of Hotel Employees & Rest. Employees Int'l

2

Union Welfare Fund v. Mazi Enter., CIV.A. 10-5985, 2011 WL 1205655 at *1 (D.N.J. Mar. 28, 2011) (quoting Williams v. Life Sav. & Loan, 802 F.2d 1200, 1203 (10th Cir. 1986)).

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. This action involves a federal question because the dispute arises under the Labor Management Relations Act ("LMRA") and ERISA. Section 301(a) of the LMRA provides that contractual disputes "between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a). Because this action involves Defendant's alleged violation of the parties' CBA, 29 U.S.C. § 185(a) is applicable. Further, section 515 of ERISA states that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. Because the Complaint alleges Defendant is an employer that has failed to make contributions in accordance with the CBA, 29 U.S.C. § 1145 is also applicable.

The Court has personal jurisdiction over Defendant pursuant to the jurisdiction provision of ERISA in section 1132(e)(2).

## III. DEFAULT JUDGMENT STANDARD

Federal Rule of Civil Procedure 55 governs the entry of default judgment. The Rule provides:

3

**(a) Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

**(b) Entering a Default Judgment.**

**(1) By the Clerk.** If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

**(2) By the Court.** In all other cases, the party must apply to the court for a default judgment. . . The court may conduct hearings or make referrals – preserving any federal statutory right to a jury trial – when, to enter or effectuate judgment, it needs to:
      (A) conduct an accounting;
      (B) determine the amount of damages;
      (C) establish the truth of any allegation by evidence; or
      (D) investigate any other matter.

Fed. R. Civ. P. 55. Rule 55 contemplates a two-step process. "Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be entry of default as provided by Rule 55(a)." Nationwide Mutual Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 Fed. App'x 519, 521 n. 1 (3d Cir. 2006). After a defendant has been defaulted, Rule 55(b)(2) authorizes district courts to enter a default judgment against "a properly served defendant who fails to plead or otherwise defend an action." See La. Counseling and Family Services, Inc. v. Makrygialos, LLC., 543 F. Supp. 2d 359, 364 (D.N.J. 2008) (citing Anchorage Assoc. v. Virgin Is. Bd. Of Tax Rev., 922 F.2d 168, 177 n.9 (3d Cir. 1990) ("When a defendant fails to appear . . . the district court or its clerk is authorized to enter a default judgment based solely on the fact that the default has occurred.").

4

Even when a defendant is properly in default, a plaintiff is not entitled to the entry of default judgment as of right, and the entry of such a judgment is left primarily to the discretion of the district court. Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984). Default judgments are strongly disfavored in the interest of having a case decided on its merits. United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984). Thus, before entering default judgment, the Court must determine whether "the unchallenged facts constitute a legitimate cause of action" so that default judgment would be permissible. DirecTV, Inc. v. Asher, No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing Charles A. Wright, 10A Federal Practice and Procedure § 2688, at 58-59, 63 (3d ed. 1998)). If default judgment is permissible, the court weighs the following three factors to determine whether default judgment is appropriate: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a meritorious defense, and (3) whether the defendant's delay is due to culpable conduct. Nautilus Ins. Co. v. Triple C Constr. Co., No. 10-2164, 2011 WL 42889, at *5 (D.N.J. Jan. 6, 2011) (omitted internal quotations).

Courts must accept Plaintiffs' well-pleaded factual allegations as true, but need not accept Plaintiffs' factual allegations regarding damages as true.  Chanel, Inc. v. Gordashevsky, 558 F.Supp.2d 532, 536 (D.N.J. 2008) (citing Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990)).   In the absence of sufficient evidentiary support, the Court may order or permit Plaintiffs to provide additional evidence to support the allegations.   See, e.g., Rose Containerline, Inc. v. Omega Shipping Co., Inc., Civil No. 10-4345, 2011 WL 1564637, at *3 (D.N.J. Apr. 25, 2011) (ordering the plaintiff to provide the

5

Court with additional clarifying information to justify the damages sought); Bridges Fin. Group, Inc. v. Beech Hill Co., Inc., Civil No. 09-2686, 2011 WL 1485435, at *5 (D.N.J. Apr. 18, 2011) (permitting the plaintiff to file supplemental documentation regarding its claim for interest and reasonable attorneys' fees and costs).  The Court may also conduct hearings to ascertain the amount of damages owed to Plaintiffs.  Fed. R. Civ. P. 55(b)(2).

However, the Court is not required to conduct such hearings as long as it ensures that there is a basis for the damages specified in the default judgment. Trucking Employees of North Jersey Welfare Fund, Inc.-Pension Fund v. Caliber Auto Transfer, Inc., Civil No. 08-2782, 2009 U.S. Dist. LEXIS 100055, at *7 (D.N.J. Oct. 27, 2009) (quoting Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)).  For example, courts have held that hearings are unnecessary where detailed affidavits and documentary evidence have been submitted to support the plaintiff's claim for damages. See Tamarin v. Adam Caterers, 13 F.3d 51, 54 (2d Cir. 1993). Additionally, if the damages are for a sum certain or for a sum which can by computation be made certain, a further evidentiary inquiry is not necessary and a district court may enter final judgment. Bds. of Trs. of the Operating Eng'rs Local 825 Welfare Fund v. Robert Silagy Landscaping, Inc., Civil No. 06-1795, 2006 U.S. Dist. LEXIS 82475, at *9 (D.N.J. Nov. 9, 2006).

## IV. ANALYSIS

### A.  The Defendant is Properly in Default

The Court must first confirm that the Defendant is properly in default. If the Defendant has failed to appear or file any responsive pleading, the Court must determine

whether the Defendant was properly served. See Gold Kist, Inc. v. Laurinburg Oil Co., 756 F.2d 14, 19 (3d. Cir. 1985) (holding that "a default judgment entered when there has been no proper service of the complaint is, a fortiori, void").

Defendant was properly served with a copy of the Summons and Complaint on February 17, 2014. Defendant failed to appear or otherwise respond to the Complaint. Plaintiffs requested an entry of default as to the Defendant, and the Clerk of the Court entered Defendant's default on April 3, 2014. Therefore, the procedural prerequisite of Rule 55(a) has been satisfied.

### B. Legitimacy of the Cause of Action

Next, the Court must determine that Plaintiffs' allegations demonstrate a legitimate cause of action and a right to the requested relief. Defendant is deemed to have admitted the factual allegations of the complaint by virtue of its default, except those factual allegations related to the amount of damages. See 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688, at 58-59 (3d ed. 1998). However, "a party in default does not admit mere conclusions of law." Id. § 2688, at 63. "Although the Court should accept as true the well-pleaded factual allegations of the Complaint, the Court need not accept the moving party's legal conclusions or allegations relating to the amount of damages." Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 536 (D.N.J. 2008) (citing Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990)).

The unchallenged factual allegations in the Complaint demonstrate that Plaintiffs state a legitimate cause of action under ERISA. Under section 515 of ERISA an employer

who is obligated to make contributions to a multi-employer benefit plan under a collective bargaining agreement must make payments pursuant to the terms and conditions under the agreement. 29 U.S.C. § 1145. Taking as true the allegations in the Complaint, Defendant's failure to make payments is a violation of the CBA with Plaintiffs and, therefore, a violation of section 515 of ERISA.

### C. Factors Favoring Judgment by Default

Lastly, the Court must determine that default judgment is an appropriate sanction under the circumstances. Before imposing the extreme sanction of judgment by default, "district courts must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987)). In weighing these factors, courts must remain mindful that default is a sanction of last resort and resolve all doubt in favor of proceeding on the merits. Id. Because Defendant has not filed any responsive pleading nor shown cause why a default judgment should not be granted, the Court need not determine if there is a meritorious defense or whether the default was a result of willful misconduct. Carpenters Health & Welfare Fund v. Naglak Design, Civil No. 94-2829, 1995 WL 20848 *2 (E.D.Pa. Jan. 18, 1995); Teamsters Health and Welfare Fund of Philadelphia and Vicinity v. Dimedio Lime Company, Civil No. 06-4519, 2007 WL 4276559 *2 (D.N.J. Nov. 30, 2007).

The Court's sole consideration is whether the Plaintiff will be prejudiced if default

8

is denied. Defendant has failed to make the required contributions to the Funds and has not responded to Plaintiffs' Complaint. Therefore, Plaintiffs have suffered and will continue to suffer if default judgment is not entered because delinquent contributions can negatively impact the Funds Trustees' ability to pay the Funds beneficiaries. Acosta v. National Packaging, Inc., Civil No. 09-701, 2010 WL 30001191 *3 (D.N.J. July 28, 2010). Judgment by default is an appropriate sanction under the circumstances.

### D. Damages

The district court has considerable latitude in determining the amount of damages. Jones v. Winnepesaukee Realty, 990 F.2d 1, 4 (1st Cir. 1993). In determining this amount, the court may conduct a hearing. Fed. R. Civ. P. 55(b)(2). However, the court is not required to do so "as long as it ensures that there is a basis for the damages specified in the default judgment." Trucking Emps. of N. Jersey Welfare Fund v. Caliber Auto Transfer, Inc., Civil No. 08-2782, 2009 WL 3584358, at *3 (D.N.J. Oct. 27, 2009) (quoting Transatlantic Marine Claims Agency v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)).

Plaintiffs request this Court grant recovery against Defendant for unpaid contributions, interest, liquidated damages, and attorney's fees in the amount of $20,703.41.

The CBA requires Defendant to remit contributions on a monthly basis. Plaintiffs provide an exact figure of $12,389.17 in its Motion for Default Judgment, indicating the amount Defendant actually owes in unpaid contributions for periods between May 1, 2010 and August 31, 2010.

9

Plaintiffs have demonstrated they are entitled to unpaid contributions in the amount of $12,389.17.

Additionally, 29 U.S.C. § 1132(g)(2) of ERISA, permits the Court to enter judgment for interest, liquidated damages, reasonable attorney's fees, and such other legal or equitable relief as the Court deems appropriate.

Plaintiffs have demonstrated they are entitled to interest on the unpaid contributions from the time of nonpayment through February 28, 2015. ERISA requires that "interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1986." 29 U.S.C. § 1132(g)(2)(E). Plaintiffs have calculated interest pursuant to a "Policy for Collection of Delinquent Contributions" (the "Policy"). However, Plaintiffs have not demonstrated that Defendant is beholden to the Policy or otherwise shown that the Policy represents the interest rate under the CBA to which Defendant is a signatory.

In order to grant Plaintiffs' request for interest, the Court requires additional information showing how the Policy attaches to Defendant. If Plaintiffs cannot show Defendant is beholden to the Policy as part of the CBA, Plaintiffs award of interest shall be governed by ERISA and must be calculated using the rate under section 6621 of the Internal Revenue Code. Plaintiffs shall be permitted to renew their application for damages showing either 1) how the Policy attaches to Defendant; or 2) a detailed calculation of their requested interest under the rate prescribed by section 6621 of the Internal Revenue Code. The Court will hold the award of interest in abeyance pending Plaintiffs' renewed application for damages.

10

Plaintiffs have also demonstrated they are entitled to liquidated damages. Because Plaintiffs liquidated damages are based on their calculation of interest as permitted under 29 U.S.C. § 1132(g)(2)(C)(ii), the Court is unable to determine the appropriate amount to award for liquidated damages and will permit Plaintiffs to renew their application as described above.

Finally, Plaintiffs have demonstrated they are entitled to reasonable attorney's fees from June 1, 2013 through February 25, 2015 in the amount of $2,561.20.

For the reasons stated above, the Court will hold Plaintiffs' request for damages in abeyance pending a renewed application.

## V. CONCLUSION

In light of the foregoing, Plaintiffs' Motion for Default Judgment [Dkt. Entry No. 14.] is granted in part as to Defendant's liability and held in abeyance in part. The Court reserves decision on the determination of damages. Plaintiffs have six (6) weeks to renew their application for damages consistent with the accompanying Order.


Date: December 1, 2015


    s/ Joseph H. Rodriguez
Hon. Joseph H. Rodriguez,
United States District Judge

11